IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CRAIG ALEXANDER, | : | |
| Petitioner, | : | 1:14-cv-2281 |
| | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| WARDEN DAVID EBBERT, | : | |
| Respondent. | : | |

**MEMORANDUM**

**April 7, 2015**

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

Petitioner, Craig Alexander, an inmate currently confined at the United

States Penitentiary in Lewisburg, Pennsylvania, filed the instant petition for writ of

habeas corpus under the provisions of 28 U.S.C. § 2241.  (Doc. 1).  Petitioner

claims that his due process rights were violated during the course of a prison

disciplinary hearing held at the United States Penitentiary in Pollock, Louisiana,

("USP-Pollock"), where he was charged with the prohibited act of possessing

intoxicants.  (Doc. 2, p. 2).

The Court directed service of the petition on December 3, 2014 and directed

Respondent to file a response.  (Doc. 5).  On December 23, 2014, Respondent filed

a response and supporting exhibits.  (Doc. 8).  Petitioner subsequently filed a

traverse and exhibits.  (Docs. 10, 12).  Accordingly, the petition is ripe for

disposition.  For the reasons set forth herein, the petition will be dismissed for

failure to state a cognizable habeas corpus claim.

## I.    FACTUAL BACKGROUND

Petitioner states that on October 19, 2006, he was charged in Incident Report

Number 1448470.  (*Id.*).  However, the evidence reveals that Incident Report

Number 1448470 pertains to a disciplinary hearing held on March 31, 2006.  (Doc.

8-1 at ¶¶ 3, 5, Declaration of L. Cunningham; Doc. 8-1, Inmate Discipline Data

Chronological Disciplinary Record).  For purposes of this Memorandum, the Court

will presume that Petitioner is presently challenging either the March 2006 or

October 2006 disciplinary hearing.[1]

In March 2006 and October 2006, Petitioner was charged in Incident Report

Numbers 1448470 and 1522638, with possessing intoxications, a Code 222

violation.  (Doc. 8-1 at ¶¶ 5, 6, Declaration of L. Cunningham; Doc. 8-1, Inmate

Discipline Data Chronological Disciplinary Record).

On March 31, 2006, Petitioner appeared before the Discipline Hearing

Officer, ("DHO").  (Doc. 8-1, pp. 8-9, Inmate Discipline Data Chronological

Disciplinary Record).  Following a hearing, the DHO determined that Petitioner

---

[1]  During Petitioner's confinement at USP-Pollock, he was charged with possessing
intoxicants on nine (9) separate occasions.  (Doc. 8-1 at ¶ 3, Declaration of L. Cunningham; Doc.
8-1, Inmate Discipline Data Chronological Disciplinary Record).

had committed the prohibited act of possessing intoxicants.  (*Id.*).  Petitioner was

sanctioned to twenty (20) days disciplinary segregation and one (1) year loss of

visitation.  (*Id.*).

On October 19, 2006, Petitioner again appeared before the DHO regarding

another charge of possessing intoxications.  (Doc. 8-1, p. 8, Inmate Discipline Data

Chronological Disciplinary Record).  The DHO conducted a hearing and ultimately

determined that Petitioner had committed the prohibited act of possessing

intoxicants.  (*Id.*).  On this occasion, Petitioner was sanctioned to sixty (60) days

disciplinary segregation and one (1) year suspension of commissary and visitation.

(*Id.*).

The instant petition for writ of habeas corpus followed.  (Doc. 1).

## II.   DISCUSSION

Liberty interests protected may arise either from the Due Process Clause

itself or from statutory law.  *Torres v. Fauver*, 292 F.3d 141 (3d Cir. 2002).  It is

well-settled that "[p]rison disciplinary proceedings are not part of a criminal

prosecution, and the full panoply of rights due a defendant in such proceedings

does not apply."  *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974).  Nevertheless, the

Supreme Court found that there can be a liberty interest at stake in disciplinary

proceedings in which an inmate loses good conduct time.  *Id.*  Petitioner, however,

fails to make a cognizable due process claim as the disciplinary sanctions he

received do not implicate any liberty interest that are protected by the Due Process

Clause.  *See Leamer v. Fauver*, 288 F.3d 532, 542 (3d Cir. 2002) (affirming

dismissal of habeas petition where disciplinary sanctions did not result in the loss

of good conduct time).  To invoke the Due Process Clause, Petitioner must first

identify a liberty interest that has been violated.  *Wilkinson v. Austin*, 545 U.S. 209,

221 (2005).  Prisoners are entitled to due-process protection only when the

disciplinary action results in the loss of good-conduct time or when a penalty

"imposes atypical and significant hardship on the inmate in relation to the ordinary

incidents of prison life."  *Sandin v. Conner*, 515 U.S. 472, 484 (1995).

In the instant action, Petitioner does not allege he lost any good-time credits.

His Disciplinary Record confirms that he did not lose any good-time conduct.

Rather, his disciplinary infractions resulted only in a temporary loss of commissary

and visitation privileges, and temporary placement in disciplinary segregation,

which do not implicate protected liberty interests as they did not result in any

atypical or significant hardships in relation to the ordinary incidents of prison life.

*See, e.g.*, *Robinson v. Norwood*, 535 Fed. Appx. 81, 83 (3d Cir. 2013) (placement

in administrative segregation for days or months at a time does not implicate a

protected liberty interest); *Perry v. Lackawanna Cnty. Children & Youth Serv.*, 345

Fed. Appx. 723, 726-27 (3d Cir. 2009) (temporary loss of visitation); *Jones v. Thomas*, 2014 WL 3113420 (M.D. Pa. 2014) (temporary placement in disciplinary segregation, and temporary loss of commissary and telephone privileges do not implicate protected liberty interests).  Accordingly, the outcome of the disciplinary hearings, which did not affect Petitioner's good time credits and thus have no impact on the fact or length of his sentence or confinement, cannot be challenged under § 2241.  *See Leamer*, 288 F.3d at 540-42; *Castillo v. FBOP FCI Fort Dix*, 221 Fed. Appx. 172 (3d Cir. 2007).  Thus, the petition for writ of habeas corpus will be dismissed.

A separate Order will be issued.